PREMIER LAUNDRY, INC. and Eugene
Hajos, Plaintiffs,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 2078-61.

United States District Court
District of Columbia.

Feb. 26, 1963.

Robert I. Dennison, Esq., Washington, D. C., Harry Price, Esq., New York City, for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

This action was filed pursuant to 35 U.S.C. § 145. The plaintiffs are the applicant and his assignee. The application is entitled "Folding and Stacking Machine for Articles of Linen", Serial No. 354,510, dated May 12, 1953, and contains both device and method claims. The specification relates to a system which includes a device and method of handling light articles such as linen, towels and the like, which are first folded longitudinally, and then folded in half and conveyed to an elevated position where they are successively stacked, and pressed down by a tamping means to a predetermined size.

Claims to the device have been allowed, but the method of claims 35 and 36 were finally rejected by the tribunals of the Patent Office. Claim 35 is representative, and reads as follows:

"A method of stacking folded articles of linen upon a stack comprising the steps of feeding the folded articles successively to an elevated position, dropping the articles onto the stack and simultaneously tamping them, and continuously maintaining the top of the stack measured distance below the elevated position by using the tamping movement to measure and to lower the top of the stack relative to the elevated position whenever above that short distance."

The involved claims were rejected as being unpatentable over the patent of Peterson No. 2,228,887, dated January 14, 1941, relating to a machine for handling stiff plywood panels. The device of that patent discloses an apparatus whereby panels of plywood are by means of a machine rolled out from a bed, and from their own weight fall one on top of another.

It was contended in the Patent Office by counsel for plaintiffs that the prior art reference is non-analogous art, and the same contention is made here.

Of course it is obvious that the materials of the Peterson patent (plywood), and that of the application (cloth), are entirely different, and to that extent, of course, the Court is of the opinion that the contention of counsel for plaintiffs is correct.

There is no disclosure in the Peterson patent for the handling of soft articles such as linen, nor dropping the folded article, nor tamping, as disclosed in the involved claims as being "tamped into a compact pile".

The method claims herein distinguish chiefly from the method and product of the reference in that, towels when folded and dropped, readily unfold and could not of their own weight fall in conformity with the folded article below; furthermore, static electricity could develop, whereas the method of applicant clearly discloses that the towels of the same size are dropped vertically, and immediately

pushed down and compressed by tamping so that a compact pile is formed.

Claims 35 and 36 disclose limitations not to be found in the Peterson Patent No. 2,228,887, and are not obvious to an expert of ordinary skill in the art. Therefore, claims 35 and 36 are patentable over Peterson.

What has hereinbefore been stated are to be deemed as findings of fact and conclusions of law.